SENTÉLLE, Senior Circuit Judge,
concurring:
I write separately not because I have any deep disagreement with the majority — indeed, I wholly embrace the majority’s conclusion and nearly all of its lan *1046 guage — but only to express a single misgiving. As the majority makes plain, “the requirement that a claimant have ‘standing is an essential and unchanging part of the case-or-controversy requirement of Article III.’ ” Maj. Op. at 1040 (quoting Davis v. FEC, 554 U.S. 724, 733, 128 S.Ct. 2759, 171 L.Ed.2d 737 (2008) (other citations and internal quotation marks omitted)). I am not convinced that appellant has carried that burden with respect to its constitutional, separation-of-powers claim. Rather, as the district court reasoned, the breach of right for which the Friends of Animals seek redress is informational. See Friends of Animals v. Jewell, 82 F.Supp.3d 265, 273 (D.D.C. 2015). The alleged constitutional violation does not cause that breach. I therefore would prefer that we affirmed the district court as to the constitutional claim on the basis relied upon by that court. That is, that plaintiffs have not established standing. Plaintiffs have not alleged that the unconstitutional act caused them harm or that its redress can be had in this lawsuit.
That said, nonetheless I join entirely the disposition of the majority. I agree that the majority’s analysis of the constitutional claim is legally correct. I concur entirely with everything else in the majority’s opinion.